United States District Court
for the
Southern District of Florida

| | |
|---|---|
| William Salter, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-60304-Civ-Scola |
| Ocwen Loan Servicing, LLC, | ) |
| Defendant. | ) |

**Order Granting Motion to Dismiss**

Homeowner William Salter complains his home-loan servicer, Ocwen Loan Servicing, LLC, failed to adequately respond to his request for information regarding his mortgage loan. Specifically, Salter complains Ocwen is required, by the implementing regulations of the Real Estate Settlement Procedures Act, to provide specific information about the "Master Servicer" of his loan. Ocwen counters that Salter's complaint should be dismissed because his request for information did not meet certain statutory requirements and therefore no specific answer was required. Ocwen also contends Salter fails to allege actual damages and therefore lacks standing to pursue his claim. (Def.'s Mot., ECF No. 9.) Having considered the motion, the record in this case, and the applicable law, the Court finds Salter has failed to state a claim upon which relief may be granted and therefore **grants** Ocwen's motion to dismiss (**ECF No. 9**.)

1. **Background**

In October 2017, Salter sent a letter to Ocwen asking for information related to his home loan. (Compl. ¶ 12, ECF No. 1-1, 7.) Among other questions, Salter asked Ocwen to identify the "Master Servicer" of his loan along with the "Master Servicer's" contact information. (*Id.* at ¶¶ 17, 21.) Although Ocwen timely responded to Salter's request for information, it did not, according to Salter, provide answers, or adequate answers, to his questions about the "Master Servicer." (*Id.* at ¶¶ 14, 21.) As a result, Salter sent Ocwen a follow-up notice-of-error letter in December 2017. (*Id.* at ¶¶ 16, 24.) Salter does not disclose what Ocwen's response, if any, was to his notice of error.

In sending the notice of error, Salter incurred $6.45 for postage and mailing, along with "other related costs." (*Id.* at ¶ 24.) As a result of Ocwen's failure to properly respond to his request for information, Salter seeks to recover not only these costs but his costs and attorneys' fees incurred as a result of initiating this lawsuit as well. (*Id.* at ¶ 24, 27.)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Discussion

Salter complains Ocwen has violated a provision of RESPA's implementing regulations, Regulation X, by failing to respond adequately to his request for the identity and contact information of the "Master Servicer" of his loan. 12 C.F.R. § 1024.36(a). In its motion, Ocwen argues Salter's complaint should be dismissed for two reasons: (1) Salter lacks Article III standing because he failed to sufficiently allege actual damages; and (2) Salter has not properly alleged a cause of action because Regulation X does not require Ocwen to provide information about a "Master Servicer." While the Court finds Salter has sufficiently alleged actual damages, and therefore has standing in this case,[1] it nonetheless agrees with Ocwen, as set forth below, that Salter has not stated a claim upon which relief may be granted.

---

[1] To establish standing at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" that the Plaintiff has: (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). Here, Salter alleges he incurred costs related to submitting further correspondence after Ocwen failed to adequately respond to his request for information. These costs, no matter how small, are a sufficient injury for Article III standing. *See, e.g., Miranda v. Ocwen Loan Servicing, LLC,* 148 F. Supp. 3d 1349, 1355 (S.D. Fla. 2015) (Cohn, J.) (holding that postal costs incurred after an incomplete or insufficient response are actionable damages under RESPA); *Russell v. Nationstar Mortg., LLC,* No. 14-civ-61977, 2015 WL 541893, at *2 (S.D. Fla. Feb. 10, 2015) (Bloom, J.) (finding postage costs incurred in sending follow-up correspondence are cognizable RESPA damages).

In particular, the Court agrees with Ocwen that information about the "Master Servicer" of Salter's loan does not relate to the servicing of his loan. And, under Regulation X, a servicer is only obligated to provide information, upon request, related to the "servicing of a mortgage loan." *E.g., Maldonado v. Ocwen Loan Servicing, LLC,* No. 18-62037-CIV, 2018 WL 6427682, at *4 (S.D. Fla. Dec. 7, 2018) (J. Altonaga); *Hudgins v. Seterus, Inc.,* 912 F. Supp. 3d 1343, 1348-50 (S.D. Fla. 2016) (Bloom, J.). "Servicing," in turn, means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). Therefore, "information 'related to loan servicing' includes payments or the amounts of such payments." *Hudgins,* 192 F. Supp. 3d at 1349.

Fatal to Salter's claim, his request for the identity and contact information of the "Master Servicer" does not relate to any loan payments or the amount of such payments. Specifically, questions regarding "the identity of and address for the *master servicer* of [a] loan . . . [are] not requests for information relating to the servicing of the mortgage loan." *Philistin v. Ocwen Loan Servicing, LLC,* 9:19-CV-80048, 2019 WL 1486855, at *1 (S.D. Fla. Apr. 4, 2019) (Rosenberg, J.) (alterations and quotations omitted) (emphasis in original) (citing 12 U.S.C. § 2605; 12 C.F.R. § 1024.36); *see also Kelly v. Fairon & Associates,* 842 F. Supp. 2d 1157, 1160 (D. Minn. 2012) ("Requests for information pertaining to the identity of a note holder or master servicer do not relate to servicing.") (collecting cases). Salter, therefore, cannot state a claim based on Ocwen's failure to identify the "Master Servicer" of his loan and therefore his action under RESPA fails.[2]

### 4. Conclusion

Accordingly, the Court **grants** Ocwen's motion to dismiss (**ECF No. 9**). The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on June 19, 2019.

_____
Robert N. Scola, Jr.
United States District Judge

---

[2] Without providing any legal support, Salter contends that determining whether a request for information about a "Master Servicer" relates to the "servicing of a loan" is a question of fact and is therefore inappropriate for consideration on a motion to dismiss. Salter's position is unavailing—the Court can make this determination as a matter of law.